# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DEAN NAYLOR, An Individual,<br><br>    Plaintiff,<br><br>v.<br><br>COUNTY OF MUSCATINE, IOWA, A Public Agency; SHERIFF CHRISTOPHER J. ("C.J.") RYAN, An Individual in His Official Capacity as Sheriff of Muscatine County, Iowa and in His Individual Capacity; and DOES 1 THROUGH 50, Inclusive.<br><br>    Defendants. | CASE NO. 3:22-cv-00040-RGE-SBJ<br><br>**DEFENDANTS COUNTY OF MUSCATINE AND SHERIFF CHRISTOPHER J. RYAN'S BRIEF IN SUPPORT OF PRE-ANSWER MOTION TO DISMISS COUNTS I – III PER RULE 12(b)(6)** |

COME NOW Defendants, County of Muscatine, Iowa, A Public Agency (the "County"); and Sheriff Christopher J. ("C.J") Ryan, An Individual in His Official Capacity as Sheriff of Muscatine County and in His Individual Capacity ("Ryan") by and through their undersigned counsel, and hereby file this brief in support of their motion to dismiss Plaintiff's Complaint Counts I, II, and III pursuant to Rule 12(b)(6) and Local Rule 7(d) and state as follows:

## TABLE OF CONTENTS

TABLE OF CONTENTS................................................................................................................1

LEGAL ARGUMENT...................................................................................................................2

    Standard of Review........................................................................................................... 2

    Counts I, II, and III are Time Barred In Their Entirety ....................................................3

CONCLUSION..............................................................................................................................4

#3379538

**Standard of Review**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint liberally in the light most favorable to Plaintiff. *Eckert v. Titan Tire Corp.,* 514 F.3d 801, 806 (8th Cir. 2008) (citing *Luney v. SGS Auto Servs.,* 432 F.3d 866, 867 (8th Cir. 2005)). Additionally, the Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta,* 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (abrogating the "no set of facts" standard for FED.R.CIV.P. 12(b)(6) found in *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The facts in the Complaint must "raise a right to relief above the speculative level," and into the "realm of plausible liability." *See Twombly*, 550 U.S. at 555. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense". *Iqbal*, 556 U.S. at 679. However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting FED.R.CIV.P. 8(a)(2)).

"When ruling on a motion to dismiss under Rules 12(b)(6) or 12(c), a district court generally may not consider materials outside the pleadings." *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir.2008) (citing *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077,

2

1079 (8th Cir.1999)). "It may, however, consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings.'" *Id.*

**Counts I, II, and III are Time Barred In Their Entirety.**

Counts I, II, and III of Plaintiff's Complaint raise claims of constitutional violations—specifically, aspects of the First Amendment of the U.S. Constitution. Counts I through III assert various facts and theories for recovery under 42 U.S.C. § 1983, "which provides a cause of action for state deprivations of federal rights." *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1721 (2019). Courts apply the state statute of limitations for personal injury torts to claims under section 1983. *Rassier v. Sanner*, 996 F.3d 832, 836 (8th Cir. 2021) (citing *Wallace v. Kato*, 549 U.S. 384, 387 (2007)); *see also City of Rancho Palos Verdes*, *Cal. v. Abrams*, 544 U.S. 113, 123, n.5 (citing *Wilson v. Garcia*, 471 U.S. 261 (1985) (overruled by *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004) (holding a federal statute of limitations applied if plaintiff's claim arise from post-1990 acts of Congress)). In Iowa, the statute of limitations for personal injury claims is two years after accrual. Iowa Code § 614.1(2); *see Davis v. Ross*, 995 F.2d 137, 137 (8th Cir. 1993) (holding that Iowa's two-year statute of limitations barred the action); *Kaster v. State of Iowa*, 975 F.2d 1381, 1381 (8th Cir. 1992) (Upholding the district court's determination that Iowa's two-year personal injury statute of limitation applied to section 1983 action.) (citing *Wycoff v. Menke*, 773 F.2d 983, 984 (8th Cir. 1985)).

Thus, to raise a viable section 1983 claim in Iowa, Plaintiff had two years from the date his purported harm accrued to file suit. *See, e.g.*, *White v. Kautzky*, 494 F.3d 677, 681 (8th Cir. 2007) (denying Iowa prisoner's section 1983 claims under the Eighth Amendment for filing suit more than two years after the date of his "improper extradition" and was thus "manifestly untimely"); *see also Morris v. Quad City Times Newspaper*, No. C13-0088, 2013

WL 5435200 (N.D. Iowa 2013) (dismissing plaintiff's section 1983 claim after "plaintiff allege[d] that he sustained an injury on September 18, 2009, but waited until August 29, 2013 to file his civil rights action. Accordingly, the applicable statute of limitations bars the plaintiff's claim"). Accordingly, Plaintiff's claims of violations of his First Amendment rights are "manifestly untimely" and must be dismissed.

The latest date Plaintiff identifies as a harm giving rise to this matter is his termination of employment on May 1, 2020. *See* ECF Doc. No. 1, Compl., ¶ 110–114. His complaint alleging constitutional violations was not filed until June 17, 2022. *See* ECF Doc. No. 1, Page 1. For Plaintiff to have made a timely section 1983 claim, he was required to file his claim by May 2022. As Plaintiff's suit was filed some six weeks after this date, his section 1983 claims fall outside of Iowa's two-year statute of limitation for such actions and are no longer viable.

Having filed past the applicable statute of limitations, Plaintiff's section 1983 claims—counts I, II, and III must be dismissed with prejudice. This dismissal would remove Defendant Ryan from the case.

**Conclusion**

Movants, the County and Ryan respectfully request the Court grant this Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted pursuant to Rule 12(b)(6) as the claims are time barred.

WHEREFORE, Defendants, County of Muscatine, Iowa, A Public Agency (the "County"); and Sheriff Christopher J. ("C.J") Ryan, An Individual in His Official Capacity as Sheriff of Muscatine County and in His Individual Capacity ("Ryan") pray for the relief set

forth herein and for any such further relief the Court deems just and appropriate under the circumstances.

/s/ *Michele L. Brott*
Michele L. Brott AT0010068
Kacy Flaherty-Tarpey AT00013761
Dentons Davis Brown P.C.
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:  (515) 288-2500
Facsimile:  (515) 243-0654
Email:  michele.brott@dentons.com
Email:  kacy.flaherty-tarpey@dentons.com

**ATTORNEYS FOR DEFENDANTS**

Copies to:

Robert R. Anderson
Law Office of Robert R. Anderson
P.O. Box 236
Nevada, IA 50201
Telephone: (515) 382-1278
Email:  BobAnderson7@msn.com

Ray D. Hacke
Emily C. Mimnaugh
PACIFIC JUSTICE INSTITUTE
P.O. Box 5229
Salem, OR 97304
Phone (503) 917-4409
Email: rhacke@pji.org
Email: emimnaugh@pji.org

**ATTORNEYS FOR PLAINTIFF**

| PROOF OF SERVICE: |
|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on July 13, 2022 by: |
| ☐ US Mail           ☐ FAX |
| ☐ Hand Delivered    ☐ Overnight Courier |
| ☐ Federal Express   ☒ Other: CM/ECF Filing |
| Signature:  /s/ *Michele L. Brott* |